JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JEFFREY SCHENK (CASBN 234355)
RICHARD CHENG (CASBN 135992)
Assistant United States Attorneys

   U.S. Attorney's Office
   150 S. Almaden, 9th Floor
   San Jose, CA 95113
   Telephone: (408) 535-2695/5032
   Facsimile: (408) 535-5066
   jeffrey.b.schenk@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 08-00156 JW |
|    Plaintiff, ) | UNITED STATES' RESPONSE AND OPPOSITION TO DEFENSE'S MOTIONS *IN LIMINE* AND PROPOSED JURY INSTRUCTIONS |
|    v. ) | |
| STEVEN RODRIGUEZ, ) | Hearing: July 24, 2008 |
|    Defendant. ) | Time: 9:00 AM |
| ) | Court: Hon. J. Ware |

The United States of America, through its counsel Jeffrey Schenk and Richard Cheng, Assistant United States Attorneys, hereby submits the following motions in limine in the above-captioned case.

**I. INTRODUCTION**

The defendant is charged by indictment with two counts, 18 U.S.C. § 922(g)(1), Felon in Possession of Firearm and Ammunition and 18 U.S.C. § 922(g)(3) Controlled Substance User in Possession of a Firearm and Ammunition.

**II. RESPONSE AND OPPOSITION**

**A. Witnesses**

Mr. Rodriguez states that he "...has subpoenaed a number of witnesses who have also been served by the government... ." The government requests that the defense not rely on witness compliance with any government subpoenas and that all witnesses necessary for the defendant to present a defense receive subpoenas from the defense.

**B. Motions *in Limine***

1. Audio Recordings

The defense seeks to introduce the recording of Mr. Rodriguez' post-arrest statement. First, the defense argues its admission is for the purpose of establishing Mr. Rodriguez' sobriety rather than for the truth of the matters asserted. We disagree. Mr. Rodriguez intends to introduce a defense of justification. The recording contains statements useful for this purpose and a limiting instruction to the jury will not cure the defect created by the jury hearing the content of the recording. Additionally, it is our expectation that Mr. Rodriguez will stipulate to drug use on the day of arrest. Therefore, this matter will no longer be an issue for the jury to decide; thus, making the admission of Mr. Rodriguez' statement for a non-truth purpose irrelevant evidence.

On the other hand, Mr. Rodriguez' admissions, contained within the recorded statement, remain relevant, non-hearsay evidence.

2. Mr. Rodriguez' Prior Convictions

The government and defense believe that the government should be allowed to impeach Mr. Rodriguez, as a witness, with his prior convictions. We disagree about the admissibility of the specific nature of the prior convictions, i.e. spousal abuse. The government believes the jury would benefit from hearing the specific nature of Mr. Rodriguez' prior convictions, because Mr. Rodriguez must prove, if he succeeds in receiving a justification/self-defense jury instruction, that he did not reckless place himself into the situation requiring him to engage in criminal conduct. *See* Defendant's Motions in Limine page 8 line 15 and *United States v. Johnson*, 459

1  F.3d 990, 997-98 (9th Cir. 2006).  By cross-examining Mr. Rodriguez regarding his prior
2  convictions for spousal abuse, the government would be asking the jury to determine whether
3  Mr. Rodriguez recklessly caused or placed himself into this situation.  Through this evidence, a
4  reasonable jury could conclude that Mr. Rodriguez' version of events, that he was defending
5  himself against an attack by Ms. Watkins, lacks credibility.

      3.      Gang Affiliation

The government does not intend to introduce evidence of Mr. Rodriguez' affiliations with criminal gangs.  Although, the government believes this prejudicial evidence is not "unfairly" prejudicial.  This evidence is not inadmissible under Rule 403 of the Federal Rules of Evidence.

**C. Jury Instructions**

      1.      Self-Defense

The defense attempts to create distinct jury instructions for "self-defense" and "necessity/justification."  This approach is contrary to 9th Circuit precedent.  The Court in *Beasley* found:

> The analysis of *Dominguez-Mestas* is applicable here. As concluded above, the affirmative defense of justification does not involve the refutation of any of the elements of §922(g)(1), but requires proof of additional facts and circumstances distinct from the evidence relating to the underlying offense.  It is immaterial whether an affirmative defense to § 922(g)(1) is termed "justification," "necessity," "duress," or "self-defense;" however, the broader term of "justification" will usually encompass all of these defenses to § 922(g)(1).  See Gomez, 92 F.3d at 774, n. 5, n.9; United States v. Lemon, 824 F.2d 763, 765 (9th Cir. 1987) (defendant charged under § 922(g)(1) asserting self-defense and defense of a third person must present evidence demonstrating the four elements of the justification defense).  Accordingly, we hold that the district court did not err in placing the burden of proving the defense of justification by a preponderance of the evidence on the defendant.

*United States v. Beasley*, 346 F.3d 930, 934-935 (9th Cir. 2003).  The elements a defendant must prove and the jury instruction are identical for both self-defense and justification/necessity.

      2.      Necessity

The government maintains that the defendant bears the burden of proving that his possession of the firearm was justified. *See United States v. Beasley*, 346 F.3d 930 (9th Cir. 2003) and *United States v. Johnson*, 459 F.3d 990 (9th Cir. 2006). The standard for determining whether the defendant's actions were necessary is <u>objective</u>. *United States v. Perdomo-Espana*, 522 F.3d 983, 988 (9th Cir. 2008). If the Court determines the defendant has pled sufficient facts to warrant a self-defense jury instruction, the governments requests that the Court use 9th Circuit Model Jury Instruction 8.60. 9TH CIR. CRIM. JURY INSTR. 8.60 (2003) This is the same jury instruction quoted in *United States v. Beasley*, 346 F.3d 930 (9th Cir. 2003).

    3.    Reasonable Doubt

The government objects to the supplemental "reasonable doubt" jury instruction requested by the defense.

    4.    Jury Instructions

The government requests that the Court give the following non-exhaustive list of standard instructions from the Ninth Circuit Manual of Model Criminal Jury Instructions, 2003 Edition:

<u>Preliminary Instructions</u>:

1.1 – Duty of Jury

1.3 – What is Evidence

1.4 – What is Not Evidence

1.5 – Evidence For Limited Purpose

1.6 – Direct and Circumstantial Evidence

1.7 – Ruling on Objections

1.8 – Credibility of Witnesses

1.8 – Conduct of the Jury

1.10 – No Transcript Available to Jury

1.11 – Taking Notes

1.12 – Outline of Trial

1 | Instructions in the Course of Trial:
2 | 2.1 – Cautionary Instruction - First Recess
3 | 2.2 – Bench Conferences and Recesses
4 | 2.4 – Stipulations of Fact
5 | Instructions at End of Case:
6 | 3.1 – Duties of Jury to Find Facts and Follow Law
7 | 3.2 – Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof
8 | 3.3 – Defendant's Decision Not to Testify [or 3.4 – Defendant's Decision to Testify]
9 | 3.5 – Reasonable Doubt – Defined
10 | 3.6 – What is Evidence
11 | 3.7 – What is Not Evidence
12 | 3.8 – Direct and Circumstantial Evidence
13 | 3.9 – Credibility of Witnesses
14 | 3.10 – Evidence of Other Acts of Defendant or Acts and Statements of Others
15 | 3.18 – Possession–Defined
16 | Consideration of Particular Evidence:
17 | 4.1 – Statements by Defendant
18 | 4.14 – Eyewitness Identification
19 | 4.17 – Opinion Evidence, Expert Witness
20 | Responsibility:
21 | 5.6 – Knowingly – Defined
22 | //
23 | //
24 | //

Jury Deliberations:

7.1 – Duty to Deliberate

7.2 – Consideration of Evidence

7.3 – Use of Notes

7.4 – Jury Consideration of Punishment

7.5 – Verdict Form

7.6 – Communication With Court

DATED: July 23, 2008

                                          Respectfully submitted,

                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney

                                          ___/s/_____
                                          JEFFREY B. SCHENK
                                          Assistant United States Attorney