JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JEFFREY SCHENK (CASBN 234355)
RICHARD CHENG (CASBN 135992)
Assistant United States Attorneys

U.S. Attorney's Office
150 S. Almaden, 9th Floor
San Jose, CA 95113
Telephone: (408) 535-2695/5032
Facsimile: (408) 535-5066
jeffrey.b.schenk@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN RODRIGUEZ,<br><br>Defendant. | No.: CR 08-00156 JW<br><br>UNITED STATES' ADDITIONAL PROPOSED JURY INSTRUCTIONS<br><br>Hearing: August 5, 2008<br>Time: 9:00 AM<br>Court: Hon. J. Ware |

The United States of America, through its counsel Jeffrey Schenk and Richard Cheng, Assistant United States Attorneys, hereby submits addition proposed jury instructions in the above-captioned case.

In addition to the list of proposed jury instructions filed by the government on July 23, 2008 and reprinted here, the United States requests that the Court give the following additional instructions:

The government requests that the Court give the following non-exhaustive list of standard instructions from the Ninth Circuit Manual of Model Criminal Jury Instructions, 2003 Edition:

Preliminary Instructions:

1.1 – Duty of Jury

1.3 – What is Evidence

1.4 – What is Not Evidence

1.5 – Evidence For Limited Purpose

1.6 – Direct and Circumstantial Evidence

1.7 – Ruling on Objections

1.8 – Credibility of Witnesses

1.8 – Conduct of the Jury

1.10 – No Transcript Available to Jury

1.11 – Taking Notes

1.12 – Outline of Trial

Instructions in the Course of Trial:

2.1 – Cautionary Instruction - First Recess

2.2 – Bench Conferences and Recesses

2.4 – Stipulations of Fact

Instructions at End of Case:

3.1 – Duties of Jury to Find Facts and Follow Law

3.2 – Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof

3.3 – Defendant's Decision Not to Testify [or 3.4 – Defendant's Decision to Testify]

3.5 – Reasonable Doubt – Defined

3.6 – What is Evidence

3.7 – What is Not Evidence

3.8 – Direct and Circumstantial Evidence

3.9 – Credibility of Witnesses

3.10 – Evidence of Other Acts of Defendant or Acts and Statements of Others

3.18 – Possession–Defined

Consideration of Particular Evidence:

4.1 – Statements by Defendant

4.14 – Eyewitness Identification

4.17 – Opinion Evidence, Expert Witness

Responsibility:

5.6 – Knowingly – Defined

Count One - Firearms - Unlawful Possession § 922(g)(1)

8.59 - Firearms-Ammunition-Unlawful Possession

The defendant is charged in Count One of the superseding indictment with the possession of a firearm and ammunition in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the charged firearm and ammunition;

Second, the firearm and ammunition had been shipped or transported from one state to another or from a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm and ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on February 23, 2007, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

Count Two - Firearms - Unlawful Possession § 922(g)(3)

The defendant is charged in Count Two of the superseding indictment with being an unlawful controlled substance abuser in possession of a firearm and ammunition in violation of Section 922(g)(3) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the charged firearm and ammunition;

Second, the firearm and ammunition had been shipped or transported from one state to another or from a foreign nation to the United States; and

Third, the defendant's use of a controlled substance was ongoing and contemporaneous with the defendant's possession of the firearm and ammunition. Although, the government does not need to show the defendant was under the influence of an illegal drug at the exact same time he possessed the firearm and ammunition.[1]

DATED: July 29, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

___/s/______________________
JEFFREY B. SCHENK
Assistant United States Attorney

---

1 In United States v. Bernadine, the 11th Circuit held that, to be an "unlawful user of" marijuana, a defendant's use must be "ongoing and contemporaneous with the commission of the offense. Bernadine, 73 F.3d 1078, 1082 (11th Cir. 2003). *See* United States v. Bennett 329 F.3d 769, 778 (10th Cir. 2003). The Bennett court found that there is no need for a defendant's use to be "simultaneous[]" with firearm possession. *See also* United States v. Solomon 95 F.3d 33, 35 (10th Cir. 1996). The Solomon court held that "The government does not need to show the defendant was under the influence of an illegal drug at the exact same time he possessed a firearm."