Jason de Bretteville (CA SBN 195069)
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:   (650) 461-5600
Facsimile:   (650) 461-5700
debrettevillej@sullcrom.com

Attorney for Witness SOPHIA WATKINS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  5:08-cr-00156 (JW) |
| ) | |
| Plaintiff, ) | MOTION TO MODIFY WITNESS SUBPOENA |
| ) | |
| v. ) | |
| ) | **Hearing Date: August 5, 2008** |
| RODRIGUEZ, ) | **Hearing Time: 9:00 a.m.** |
| ) | **Judge:  Hon. James Ware** |
| Defendant. ) | |
| ) | |

SULLIVAN
&
CROMWELL LLP

United States v. Rodriguez; Case No. 5:08-cr-00156 (JW)

Sophia Watkins, by and through her undersigned counsel, respectfully submits this memorandum in support of her motion to have the court modify her subpoena to testify to allow her to delay her presence at trial until after the completion of her current and previously planned trip to the Middle East on August 14, 2008.  Ms. Watkins understands that modification of her subpoena may necessitate a brief continuance in the trial, but submits that the extraordinary expense of returning to the United States, combined with the irreparable loss that would be associated with such a return, warrant such action by the Court.  **Unless the court can rule on this motion by tomorrow morning, Friday, August 1, Ms. Watkins will have already boarded a plane for the United States and this motion will be moot.**

### I. COMPELLING MS. WATKINS TO INCUR THE EXPENSE OF A ROUND TRIP TICKET TO THIS DISTRICT AND TO LEAVE HER AILING FATHER AND MINOR CHILDREN IN THE MIDDLE EAST IS UNREASONABLE AND OPPRESSIVE.

Ms. Watkins, a potential witness in this case, is currently on a once-in-a-lifetime trip with her 80-year old father, for whom she is the primary caregiver, and her four minor children in the Middle East, having departed on July 21, 2008, with a return date of August 13, 2008.

The purpose of this trip is to allow her father to visit the land of his birth, which he has not seen for 50 years, for the last time.  Ms. Watkins apparently planned this trip months before being subpoenaed to testify in this trial and informed the Government as to this fact upon receipt of the subpoena, some time before the July 21, 2008.  It is my understanding that this Court made it clear at a pretrial conference, perhaps on July 24, 2008 that Ms. Watkins' testimony was material to this case.  I am further informed that the Government indicated to Ms. Watkins prior to her departure that she needed to commit to return from her vacation to testify or they would detain her as a material witness.  Ms. Watkins so committed and has since purchased what I have been informed is a $6,000 refundable ticket to be present at trial to testify as prescribed by her subpoena.

She understands that her request may present an inconvenience to the Government, the Court, and the defendant and sincerely regrets the need to request this accommodation.  She apologizes for her delay in filing this motion, but was unable to retain counsel until this week, and counsel was in turn unable to locate Ms. Watkins until the afternoon of July 30, 2008.  Nonetheless, Ms. Watkins respectfully submits that the expense of purchasing airfare at the cost of $6,000 and the emotional

SULLIVAN
&
CROMWELL LLP

1

trauma of leaving an ailing father and four minor children in the Middle East to travel around the world to give a moment of testimony at Mr. Rodriguez's trial is unreasonable and oppressive. She has cooperated and intends to continue to cooperate with the Government's requests. The burden imposed by the instant subpoena is, however, simply too great. While the Government has indicated an intention to compensate Ms. Watkins at least in part for the cost of purchasing airfare to and from the Middle East for the purpose of testifying, such partial monetary remuneration is insufficient to compensate Ms. Watkins for the disruption of this irreplaceable trip and the emotional hardship of leaving an aged father and four dependent children in the Middle East.

There are a number of alternatives that would avoid this hardship, any of which Ms. Watkins would welcome. One such alternative would be to continue as planned with jury selection on August 4, 2008, while postponing the presentation of evidence and/or opening statements to a date that would allow for Ms. Watkins' return in the ordinary course – perhaps August 14, 2008, the day after she had originally planned to return. Alternatively, the Court could simply make a finding regarding the necessity of Ms. Watkins' testimony and her unavailability, exclude time under the Speedy Trial Act, and continue the trial date for ten days. Regardless of the means adopted by this Court, Ms. Watkins would be deeply appreciative of the opportunity to care for her family and complete her vacation as she planned prior to the interruption presented by these proceedings.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court modify Ms. Watkins' subpoena to allow her to testify in this case on or after August 14, 2008.

Dated: July 31, 2008

                                                       /s/ Jason de Bretteville  
Jason de Bretteville  
1870 Embarcadero Road  
Palo Alto, California 94303  
Telephone:   (650) 461-5600  
Facsimile:   (650) 461-5700  

Attorney for Sophia Watkins

1  Jason de Bretteville (CASBN 195069)
   1870 Embarcadero Road
2  Palo Alto, California 94303
   Telephone:   (650) 461-5600
3  Facsimile:    (650) 461-5700
   debrettevillej@sullcrom.com
4
   Attorney for **SOPHIA WATKINS**
5

6
                    **UNITED STATES DISTRICT COURT**
7
                    **NORTHERN DISTRICT OF CALIFORNIA**
8
                              **SAN JOSE VENUE**
9
   UNITED STATES OF AMERICA,              )   Case No.  5:08-cr-00156 (JW)
10                                         )
                    Plaintiff,             )   [PROPOSED] ORDER MODIFYING
11                                         )   WITNESS SUBPOENA
            v.                             )
12                                         )
   RODRIGUEZ,                              )
13                                         )   Judge:  Honorable James Ware
                    Defendant.             )
14  _____ )

15
         On July 31, 2008, Sophia Watkins filed an ex parte motion for an order modifying her
16
   subpoena to testify.  Upon consideration of motion, and good cause appearing, the Court GRANTS the
17
   motion.
18
         IT IS HEREBY ORDERED that Sophia Watkins shall not be required to testify in the
19
   above captioned case until on or after **August 14, 2008**.
20
         SO ORDERED.
21
   Dated: _____
22
                                            The Honorable James Ware
23

24

25

26

27

28

SULLIVAN
&
CROMWELL LLP

                                                PROPOSED ORDER; Case No. 5:08-cr-00156 (JW)