**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America, | NO. CR-08-00156 JW |
| Plaintiff, | **OPENING INSTRUCTIONS** |
| v. | |
| Steven Rodriguez, | |
| Defendant. | |
| _____/ | |

## DUTY OF JURY

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more instructions.  During various points in the trial, when I find it appropriate, I will give you additional instructions.  All of the instructions which I give to you are important.  You must follow all of them.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you.  That is how you will reach your verdict.  In doing so, you must follow that law whether you agree with it or not.

## CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

**Count One** of the Indictment in this case accuses Steven Rodriguez with the crime of possession of a firearm and ammunition in violation of Section 922(g) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed a firearm or ammunition or both.

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the Defendant possessed the firearm or ammunition, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

**Count Two** of the Indictment accuses Steven Rodriguez with the crime of unlawful controlled substance abuser in possession of firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant took drugs with regularity, over an extended period of time, and contemporaneously with his possession of a firearm or ammunition.

Second, the firearm or ammunition had been shipped or transported from one state to another; and

The indictment is not evidence. A defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. You should draw no adverse inference from a defendant's choosing not to testify. The government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

2

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.  A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the Defendant guilty.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers  agree or stipulate.

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)    Statements and arguments of the attorneys.

(2)    Questions and objections of the attorneys.

(3)    Testimony that I instruct you to disregard.

(4)    Anything you may have seen or heard when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

3

**United States District Court**
For the Northern District of California

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. For example, if the question of fact in a given case is whether or not Johnny ate the cherry pie, testimony by a witness that he saw Johnny put the pie in his mouth and eat it would be direct evidence of this fact. However, if the question of fact in another case was whether Jane ate the cherry pie and in that case no one saw her eat it, but a witness testifies that he walked into the kitchen and saw Jane sitting at the table with the empty pie tin in her hands and cherry pie on her face, this would only be direct evidence that she was in the kitchen and that she had pie on her face, but it would be circumstantial evidence from which a person could find that Jane ate the pie. However, there could be other circumstances which would explain why she had the tin in her hands and pie on her face.

You must listen to all the facts and may draw reasonable conclusions from those facts. Facts may be proved by either direct or circumstantial evidence ; you are to consider both types of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

4

1   Sometimes I may order that evidence be stricken from the record and that you
2   disregard or ignore the evidence.  That means that when you are deciding the case,
3   you must not consider the evidence which I told you to disregard.

### CREDIBILITY OF WITNESSES

5   In deciding the facts of this case, you may have to decide which witnesses to
6   believe and which witnesses not to believe.  You may believe everything a witness
7   says or only part of it or none of it.

8   In deciding what to believe, you may consider a number of factors, including
9   the following:

10   (1)   Was the witness able to see or hear or know the things the witness
11         testified to?

12   (2)   What is the quality of the witness' memory?

13   (3)   What is the witness' manner while testifying?

14   (4)   Does the witness have an interest in the outcome of the case or any
15         motive, bias, or prejudice?

16   (5)   Is the testimony of the witness contradicted by anything the witness said
17         or wrote before trial or by other evidence?

18   (6)   How reasonable is the witness' testimony when considered in the light of
19         other evidence which you believe?

### TAKING NOTES

21   If you wish, you may take notes to help you remember what witnesses say.  If
22   you do take notes, please keep them to yourself until you and your fellow jurors go to
23   the jury room to decide the case.  And do not let note taking distract you so that you
24   do not hear other answers by witnesses.  When you leave at night, your notes should
25   be left in the jury room.

26   If you do not take notes, you should rely upon your own memory of what was
27   said and not be overly influenced by the notes of other jurors.

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    If you need to speak with me about anything, simply use your note pads to give
2 a note to the clerk of court, the court reporter or to me.

3    You may also use your notes to let us know if you are having difficulty hearing
4 or understanding a particular part of the case.  It is the policy of the Court not to
5 permit jurors to write questions for the witnesses.  However, if there is some aspect of
6 the case which you find confusing, please write a note to me and I will bring it to the
7 attention of the attorneys.

8    Ordinarily we will take a break in the middle of our session.  However, if any
9 one of you should need a break before the scheduled time, simply raise your hand to
10 get my attention and ask for a short recess and we will take one.  Feel free to stand if
11 you need a stretch.  Also, feel free at any time to go over to the water cooler here in
12 the courtroom.

13                    <u>**CONDUCT OF THE JURY**</u>

14    I will now say a few words about your conduct as jurors.

15    First, do not talk to each other or with anyone else about this case or about
16 anyone who has anything to do with it until the end of the case when you go to the
17 jury room to decide on your verdict;

18    Second, do not let anyone talk to you about the case.  If someone should try to
19 talk to you, please report it to me immediately;

20    Third, do not read any news stories or articles or listen to any radio or television
21 reports about the case;

22    Fourth, do not do any research, such as consulting dictionaries or other
23 reference materials, and do not make any investigation about the case on your own;

24    Fifth, do not make up your mind about what the verdict should be until after
25 you have gone to the jury room to decide the case and you and your fellow jurors have
26 discussed the evidence.  Keep an open mind until then.

27

28                            6

**United States District Court**
For the Northern District of California

1

### OUTLINE OF TRIAL

2      I have ordered the parties to schedule any meeting with me at times other than

3  those reserved for trial.  Sometimes it might be necessary to meet during the times

4  reserved for trial, but if so, I will be doing my best to ensure that the purpose of the

5  meeting is to advance the goal of prompt and efficient proceedings.

6      The trial will now begin.  First, each side may make an opening statement.  An

7  opening statement is not evidence.  It is simply an outline to help you understand what

8  that party expects the evidence will show.  A party is not required to make an opening

9  statement.

10

11  Dated:  August 5, 2008

_____

JAMES WARE
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Cynthia Chin Young Lie, cynthia_lie@fd.org
Jeffrey Benjamin Schenk, jeffrey.b.schenk@usdoj.gov

**Dated:  August 5, 2008**                    **Richard W. Wieking, Clerk**

                                              **By:    /s/ JW Chambers**
                                                      **Elizabeth Garcia**
                                                      **Courtroom Deputy**