United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America, | NO. CR-08-00156 JW |
| Plaintiff, | **CLOSING INSTRUCTIONS** |
| v. | |
| Steven Rodriguez, | |
| Defendant. | |
| _____/ | |

## **DUTY OF JURY**

Members of the jury, now that you have heard all the evidence, it is my duty to further instruct you on the law which applies to this case. Each of you has been provided with a copy of these instructions and with the instructions I gave you at the beginning of the trial. You must follow all of the instructions I give to you.

As I instructed you at the beginning of the case, it is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You, like the Court, must follow the law whether you agree with it or not. And you must not ignore the evidence and decide the case on the basis of any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

The Defendant has pleaded not guilty to the charge. A defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the Defendant guilty.

The punishment provided by law for this crime is not a matter for your consideration. You may not consider punishment in deciding whether the government has proved its case against the Defendant beyond a reasonable doubt.

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which the parties stipulated.

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

As I have instructed, evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. Facts may be proved by either direct or circumstantial evidence. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

In deciding the facts, you may be required to decide whether to believe or not to believe the testimony of a witness. You may disbelieve all or any part of any witness' testimony. I have instructed you on the factors you may take into account in deciding whether to believe or disbelieve the testimony of a witness. In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence does not necessarily depend on the number of witnesses who have testified on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses describing one version of events has greater weight than that of a larger number of witnesses describing another version of those events.

The Defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## **THE CHARGED OFFENSES**

The Defendant is charged with two Counts. A separate crime is charged against the Defendant in each count. You must decide each count separately. Your verdict on Count One should not control your verdict on Count Two.

## **COUNT ONE**

Count One of the Indictment in this case accuses Steven Rodriguez with the crime of felon in possession of a firearm and ammunition in violation of Section

922(g) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed a firearm or ammunition or both.

Second, the firearm and ammunition had been shipped or transported from one state to another; and

Third, at the time the Defendant possessed the firearm or ammunition, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## COUNT TWO

Count Two of the Indictment accuses Steven Rodriguez with the crime of unlawful controlled substance abuser in possession of firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant took drugs with regularity, over an extended period of time, and contemporaneously with his possession of a firearm or ammunition.

Second, the firearm and ammunition had been shipped or transported from one state to another.

Both Counts One and Two require the government to prove that the Defendant possessed a firearm or ammunition. A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. Simply being present where something is located does not equal possession.

You have heard evidence that the Defendant was present in a residence where one or more weapons were secretly located. The Defendant is not charged with an offense of being present in a residence where weapons were secretly located.

4

## **JUSTIFICATION**

Even though it is unlawful for a person who is a felon or for a person who is a controlled substance abuser to possess a firearm, the law recognizes limited circumstances under which a such person is justified in possessing a firearm. This is known in the law as the defense of justification. Under this defense, even if the government proves all of the elements of Counts One and Two beyond a reasonable doubt, if the Defendant proves each of the elements I will list for you by a preponderance of the evidence , you must return a verdict of not guilty by reason of justification.

In order for you to return a verdict of not guilty because of justification, the Defendant must prove the following by a preponderance of the evidence:

1. It was reasonable for the Defendant to believe that there was an imminent threat of death or serious bodily injury to himself posed by someone pointing a firearm at him;

2. The Defendant had not recklessly or negligently placed himself in a situation in which it was probable that a firearm would be pointed at him under circumstances which would force him to take possession of the firearm to protect himself from death or serious bodily injury;

3. At the time the Defendant took possession of the firearm, the Defendant had no reasonable, legal alternative to protect himself from the threat other than by taking possession of the firearm;

4. There was a direct causal relationship between taking possession of the firearm and avoiding the threatened harm to himself; and

5. The Defendant did not maintain possession any longer than was necessary under the circumstances.

"Preponderance of the evidence" is defined as "more likely than not." In other words, you must be convinced by the Defendant's evidence that the five factors are more likely true than not true.

## ARGUMENT OF COUNSEL

I will now permit counsel for the parties to make their closing arguments. Counsel for the government will be allowed 20 minutes to make a closing argument. Afterward, defense counsel will be allowed 30 minutes to make a closing argument. Counsel for the government will be permitted 20 minutes for a rebuttal argument and then I will have some brief additional instructions for you with respect to the conduct of your deliberations. Remember, statements of the attorneys are not evidence.

## DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

During the course of your deliberations you may take rest breaks or lunch breaks as you wish. Since we will be standing by during the pendency of your

deliberations, please send us a note as to what your schedule will be. During any break, do not deliberate further upon the case. Cease all deliberations until your presiding juror has brought you back into session with all of you present.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you will find a form for that purpose included in the material sent into the jury room. Any one of you may communicate with me by filling out the form and giving it to the marshal or clerk of court. During your deliberations, no member of the jury should communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. I have given Ms. Garcia, my Courtroom Deputy Clerk permission to communicate with you verbally regarding logistical matters or matters having to do with your schedule or comfort.

Remember that you are not to tell anyone -- including me or Ms. Garcia -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

## RETURN OF VERDICT

I will now review with you the verdict form. If you are able to reach unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and send out a note that you have reached a verdict.

Dated: August 6, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Cynthia Chin Young Lie, cynthia_lie@fd.org
Jeffrey Benjamin Schenk, jeffrey.b.schenk@usdoj.gov

**Dated: August 6, 2008**                                **Richard W. Wieking, Clerk**

                                                   **By:  /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California