BARRY J. PORTMAN
Federal Public Defender
CYNTHIA C. LIE
Assistant Federal Public Defender
160 West Santa Clara Street, Suite 575
San Jose, CA  95113
Telephone:  (408) 291-7753

Counsel for Defendant RODRIGUEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-00156 JW |
| Plaintiff, | DEFENDANT'S MOTION FOR CURATIVE INSTRUCTIONS REGARDING PROSECUTORIAL MISCONDUCT |
| vs. | |
| STEVEN RODRIGUEZ, | |
| Defendant. | |

**INTRODUCTION**

The defense respects and appreciates the experience, skill and tenacity in litigation exhibited by government counsel in the present case and others.  However, the defense submits that in counsel's zeal to secure a conviction in this case, the government has twice committed prosecutorial misconduct in its rebuttal argument.  Accordingly the defense respectfully requests that the Court administer the following curative instruction to the jury:

During its rebuttal argument, the government committed misconduct in two respects:

First, the government stated that Sophia Watkins was available to the defense as a witness, when this is not the case.  On the advice of her own counsel, Ms. Watkins has chosen to exercise her Fifth Amendment privilege against self-incrimination.  Only the government has the authority necessary to overcome Ms. Watkins' claim of privilege, because only the government has the authority to grant her immunity from prosecution for

any crime in which her testimony might implicate her. You must accordingly disregard as false the government's claim.

Second, the government further committed misconduct when it knowingly and intentionally misrepresented that Mr. Rodriguez had more than one felony conviction. Mr. Rodriguez has only one prior felony conviction, and the government was aware of this at the time it said otherwise. You must accordingly disregard as false the government's claim.

Although the arguments of counsel are not evidence, you are permitted to infer that the government's false claims were made to hinder your fair consideration of all the evidence and the relative strength of the parties' positions.

## ARGUMENT

Government counsel introduced themselves to the jury as the representatives of "the interests of the United States of America." As such, the Supreme Court has held, a prosecutor "may strike hard blows, [but] he is not at liberty to strike foul ones." *Berger v. United States*, 295 U.S. 78, 88 (1935). A prosecutor's duty "isn't just to win, but to win fairly, staying well within the rules." *United States v. Kojayan*, 8 F.3d 1315, 1323 (9th Cir. 1993). That the government has committed prosecutorial misconduct in its rebuttal argument is clear. The Court has already noted the impropriety of the government's knowing misrepresentation of the number of Mr. Rodriguez' felony convictions in the course of commenting on his credibility and character for honesty. The defense submits that the government also committed misconduct by misrepresenting the ability of the defense to compel Sophia Watkins' testimony. On the nonappearance of witnesses, the Ninth Circuit has held:

> The failure of a party to produce as a witness *one peculiarly within the power* of such party creates an inference that such testimony would be unfavorable, and may be the subject of comment to the jury by the other party. It is said that no inference arises, and hence no comment is permissible, where the person in question is equally available to both parties; particularly where he is actually in court; though there seems to be no disposition to accept such a limitation absolutely or to enforce it strictly.

*United States v. Arendale*, 444 F.2d 1260, 1267 (9th Cir. 1971) (citations omitted; emphasis added). Moreover, the government is prohibited from commenting on the absence of a witness if it is on notice that the witness would have invoked his or her Fifth Amendment right. *United*

Defendant's Motion for Curative Instructions
Regarding Prosecutorial Misconduct            2

1  *States v. Miller*, 460 F.2d 582, 588 (10th Cir. 1972) (prosecutor's comment on defendant's failure
2  to call co-defendants who had pleaded guilty to some but not all the counts of the indictment was
3  improper argument, though cured by court's timely and forceful intervention).

4        In the instant case, as the defense explained at argument on Tuesday, August 5, 2008, Ms.
5  Watkins' invocation of her Fifth Amendment right left it exclusively within the power of the
6  government to procure Ms. Watkins' testimony, because the government alone has the authority
7  to grant her immunity. *See*, *e.g.*, *United States v. Westerdahl*, 945 F.2d 1083 (9th Cir. 1991).
8  Although the defense did not independently subpoena Ms. Watkins, it made clear at the same
9  hearing that its only request in the event that the government granted her immunity was that the
10 jury be appropriately instructed as to the fact of that immunity from prosecution. The defense
11 had previously alerted government counsel to the likelihood that Ms. Watkins' testimony would
12 implicate her Fifth Amendment privilege as early as July 21, 2008, first in a telephone
13 conversation and later that day in its pretrial conference statement. The government, rather than
14 pursuing then the possibility of a grant of immunity, instead gambled on the chance that this
15 Court might curtail cross-examination of Ms. Watkins in violation of Mr. Rodriguez' Sixth
16 Amendment right of confrontation. On Friday, August 1, 2008, Ms. Watkins' counsel
17 represented to the undersigned that the government had refused to offer Ms. Watkins immunity
18 from prosecution. By Tuesday, August 5, 2008, with Ms. Watkins and her counsel standing by,
19 the government represented to the Court that a grant of immunity was impossible, given the time
20 needed to obtain the necessary approvals. Had the defense unfairly surprised the government by
21 delaying mention of the privilege until Ms. Watkins testified on direct, the government could
22 legitimately have pleaded the logistical difficulties of offering her immunity from prosecution.
23 The defense instead elected to forewarn both the government and the Court of the issue well in
24 advance, to avoid the spectacle of Ms. Watkins invoking her Fifth Amendment privilege on
25 cross-examination in the presence of the jury and to avoid the inevitable mistrial based on the
26 ineffectiveness of striking her testimony on direct. The government elected to forego the

opportunity this provided to procure immunity for Ms. Watkins, and counsel's argument in summation that the defense could have presented Ms. Watkins' testimony was not only incorrect but deliberately misleading.

Accordingly, while it was permissible for the defense to comment on Ms. Watkins' absence under *Arendale*, in view of the government's exclusive power to grant her immunity, it was misconduct for the government to represent that Ms. Watkins was equally available to both sides. The jury should accordingly be instructed that the government had the power to call Ms. Watkins as a witness, that she became unavailable by invocation of her privilege against self-incrimination, that the government alone had the ability to overcome her privilege by granting her immunity, and that the government's argument to the contrary constituted prosecutorial misconduct. Moreover, the government during the cross-examination of Mr. Rodriguez emphasized his physical size relative to Ms. Watkins and further had insinuated that Mr. Rodriguez had a propensity for violence against women, through its dramatic display of incredulity in pointedly asking Mr. Rodriguez whether he meant by his response to a prior question that he never got angry at women. The government compounded this error through its willfully false claim that Mr. Rodriguez had a second felony conviction. In this context, the government's misconduct in rebuttal argument invites the jury to speculate as to the nature of the felony prior(s) and also to infer that Mr. Rodriguez has in some way personally and physically intimidated Ms. Watkins from appearing.

The requested instruction is warranted both as a curative measure and also as a sanction. The defense is not seeking a mistrial based upon the prosecution's misconduct, because the harm caused by the error may at this stage be curable through the requested clarification of the factual circumstances, and because a mistrial would arguably present the government with an undeserved opportunity to relitigate the trial just concluded, with full discovery of defense evidence to which the government was not previously entitled under Rule 16. The instruction is necessary to correct the false impression that the government's improper rebuttal has created.

1  The instruction is further warranted as a sanction against the government in order to prevent it
2  from profiting from its misconduct and to deter it from future misconduct.
3      The objective of deterrence is of particular significance where, as here, the misconduct
4  represents part of a pattern of behavior.  For example, the Court on Wednesday, August 6, 2008
5  opined that the government's attempt to introduce evidence of drug use nearly a year after the
6  offense date was improper.   It should also be noted that the Ninth Circuit in an unpublished
7  opinion has previously concluded that the same government counsel committed misconduct in a
8  previous prosecution in the Southern District of California.  In *United States v. Mauricio*
9  *Alexander Rodriguez*, 229 Fed.Appx. 447, 2007 WL 1219242  (9th Cir. 2007) the Ninth Circuit
10 specifically found that government counsel had committed misconduct, noting: "at oral argument
11 counsel for both parties represented that the prosecutor was quite experienced.  We would expect
12 an experienced prosecutor to be well aware of the *Doyle/Griffin/Velarde-Gomez* errors he
13 committed and to understand the consequences of those choices." *Id.* at 549.  It should be noted
14 that the district court, on remand, heard testimony from trial counsel for the government.  It
15 specifically noted that it found government counsel to be credible in his justification of his
16 conduct.  It held (1) that government counsel, though highly experienced, had not intentionally
17 goaded the defense into moving for a mistrial, and (2) that, contrary to the prior opinion of the
18 Ninth Circuit, the government had committed no error. The district court's ensuing denial of the
19 motion to bar retrial on Double Jeopardy grounds is currently pending appeal. *See United States*
20 *v. Mauricio Alexander Rodriguez*, C.A. No. 08-50074.
21     The rebuke that concludes the requested instruction is particularly warranted if it appears
22 to the Court that the government has deliberately committed misconduct in the belief that,
23 whatever its chances of conviction currently, those odds might be enhanced in its favor on retrial.
24 The defense expresses no opinion as to the government's motivation for committing the
25 misconduct at issue.  A reviewing court may find it significant that government counsel did not
26 oppose an earlier defense motion for a mistrial based upon ineffective assistance of counsel, that

Defendant's Motion for Curative Instructions
Regarding Prosecutorial Misconduct         5

in arguing against the admissibility of the audio recording, counsel stated his opinion that he had been unsuccessful in eliciting hoped-for testimony from Mr. Rodriguez regarding his mental state. *See, e.g., Mauricio Alexander Rodriguez*, *supra*, 229 Fed.Appx. 447 (concluding that evidence in the record "calls into question the veracity of the prosecutor's representations" regarding his intent to provoke a mistrial, given that the prosecutor at no point objected to defendant's motions for a mistrial and also commented that his case was "floundering" due to lack of information about defendant's third-party culpability defense).

**CONCLUSION**

The defense submits that the line between aggressive but ethical argument and prosecutorial misconduct has been breached in a manner which is unduly prejudicial in this individual case, and which may be more likely to be repeated in other cases in the absence of an appropriate sanction. For the foregoing reasons, the defense respectfully requests that the Court deliver the proposed instruction in its entirety.

Dated: August 6, 2008

                                           Respectfully submitted,

                                           BARRY J. PORTMAN
                                           Federal Public Defender

                                           s/
                                           CYNTHIA C. LIE
                                           Assistant Federal Public Defender