1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   USA                                          No. CR 08-00156 JW

12              Plaintiff,                         **JURY NOTES AND RESPONSES**

13        v.

14   STEVEN RODRIGUEZ

15                  Defendant.

16   _____/

17

18        Please see the subsequent pages for Jury Notes from deliberations and responses to juror

19   notes as were found  necessary.

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

NOTE FROM THE JURY

Date: 8/6/08

Time: 4:35 pm

Note No. ___1___

1. The Jury has reached a unanimous verdict.  [Please mark]    (_____)

or

2. The Jury has the following question:

*The Jury respectfully requests the Court to provide an instruction as to the definition of "contemporaneous" in Count Two.*

DATE: 8-6-2008                    _____
                                 Signature of Jury Foreperson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

<u>NOTE FROM THE JURY</u>

Date: 8/ 7 /08

Time:

Note No. _2_

1. The Jury has reached a unanimous verdict.  [Please mark]    (_____)

or

2. The Jury has the following question:

The Jury respectfully requests the
Court to define the term "probable" as set forth
in element no. 2 of the Justification instructions.

DATE: _8-7-2008_          _____
Signature of Jury Foreperson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

United States of America,

          Plaintiff,

   v.

Steven Rodriguez,

          Defendant.

_____/

NO. CR-08-00156  JW

**SUPPLEMENTAL INSTRUCTION NO. 1**

Members of the jury, you have asked a definition of "contemporaneously." "Contemporaneously" means during the same time period as the possession such that the person remains and is an abuser of a controlled substance at the time of the possession.  It is not necessary for the government to prove that the person used a controlled substance simultaneously with possession.

Members of the jury, you have also asked for a definition of "probable" as set forth in element No. 2 of the Justification instructions.  "Probable" in this context means "likely" or "that can reasonably be expected to happen on the basis of the available information, though not certain."

During its rebuttal argument, the government stated that Sophia Watkins was available to the defense as a witness, when this is not the case.  On the advice of her own counsel, Ms. Watkins has chosen to exercise her Fifth Amendment privilege against self-incrimination.  Only the government has the authority necessary to

1    overcome Ms. Watkins' claim of privilege, because only the government has the

2    authority to grant her immunity from prosecution for any crime in which her

3    testimony might implicate her.  You must accordingly disregard the government's

4    claim that Ms. Watkins was available a defense witness.

5    You heard mention that Ms. Watkins was present at the courthouse.  She was

6    before the Court with respect to this matter.  However, her physical presence does not

7    make her available as a witness under the circumstances where she is claiming a Fifth

8    Amendment privilege against testifying and there is no grant of immunity to her by

9    the government.

10    In addition, the government represented that Mr. Rodriguez had more than one

11    felony conviction. Mr. Rodriguez has only one prior felony conviction, and the

12    government was aware of this at the time it said otherwise.  You must accordingly

13    disregard as false the government's statement.

14

15    Dated:  August 7, 2008    _____

16    JAMES WARE
      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Cynthia Chin Young Lie, cynthia_lie@fd.org
Jeffrey Benjamin Schenk, jeffrey.b.schenk@usdoj.gov

**Dated:  August 7, 2008**                    **Richard W. Wieking, Clerk**

                                             **By:    /s/ JW Chambers
                                                      Elizabeth Garcia
                                                      Courtroom Deputy**

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

Date: 8/7/08                    <u>NOTE FROM THE JURY</u>

Time:

Note No. 3

1. The Jury has reached a unanimous verdict.  [Please mark]    (____)

or

2. The Jury has the following question:

The Jury respectfully requests the Court to read a portion of direct examination of Mr. Rodriguez's testimony regarding the incident of being attacked by two men in Ms. Watkins' apartment.

DATE: 8-7-2008          _____
                        Signature of Jury Foreperson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

Date: 8/7/08          <u>NOTE FROM THE JURY</u>

Time:

Note No. 4

1. The Jury has reached a unanimous verdict. [Please mark]    ( _____ )

or

2. The Jury has the following question:

The Jury respectfully requests the Court to read ~~the~~ a portion of the cross examination of Ms. Peggy Spambauer re Ms. Watkin's intention of "putting" Mr. Rodriquez away for 10 years.
~~The Jury further requests~~

DATE: 8-7-2008          Signature of Jury Foreperson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

Date: 8/7/08          <u>NOTE FROM THE JURY</u>

Time:

Note No. ___5___

1. The Jury has reached a unanimous verdict.  [Please mark]    (_____)

or

2. The Jury has the following question:

The Jury respectfully requests the Court to clarify instruction of element 2 of the Justification. the

The Jury submits that instruction of element 2 is unclear and confusing.

DATE: 8-7-2008          _____
                        Signature of Jury Foreperson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

<u>NOTE FROM THE JURY</u>

Date: 8 - 7 - 0 8

Time: 1:40 pm

Note No. ___6___

1. The Jury has reached a unanimous verdict.  [Please mark]    ( ____ )

or

2. The Jury has the following question:

The Jury respectfully requests the Court to
read back the testimony of Mr. Rodriguez,
specifically the portion of testimony on direct
examination wherein Mr. Rodriguez stated
Ms. Watkins "brandished" a gun to get him
to leave the property prior to the incident
on Feb. 23, 2007.

DATE: 8-7-2008          _____

Signature of Jury Foreperson

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America, | NO. CR-08-00156  JW |
|   Plaintiff, | **SUPPLEMENTAL INSTRUCTION NO. 2** |
|   v. | |
| Steven Rodriguez, | |
|   Defendant. | |

_____/

Members of the jury, you have asked for further instructions with respect to the second element of the Justification Instruction.  Under the second element of my instruction, to find the Defendant not guilty by reason of justification, you must find that the Defendant "has proved by a preponderance of evidence that the Defendant did not recklessly or negligently placed himself in a situation in which it was probable that a firearm would be pointed at him under circumstances which would force him to take possession of the firearm to protect himself from death or serious bodily injury." I now wish to clarify and <u>amend</u> that instruction.

With respect to the second element, you are now instructed that to find the Defendant not guilty by reason of justification, you must find that the Defendant has proved by a preponderance of evidence that the Defendant did not recklessly place himself in a situation where he would be forced to engage in criminal activity.

<u>Notice, that I have deleted the word "negligently" from my earlier instruction</u>.

1    "Recklessly" means a situation in which the Defendant was aware of the risk

2 that a firearm would be pointed at him because of his conduct and the risk was of such

3 a nature and degree that to disregard that risk constituted a gross deviation from the

4 standard of care that a reasonable person would exercise in such a situation.

5    You are invited to make requests for further clarification from the Court if

6 necessary.

7

8 Dated:  August 7, 2008

                _____

9               JAMES WARE

                United States District Judge

**United States District Court**
For the Northern District of California

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Cynthia Chin Young Lie, cynthia_lie@fd.org
Jeffrey Benjamin Schenk, jeffrey.b.schenk@usdoj.gov

**Dated: August 7, 2008**                    **Richard W. Wieking, Clerk**

                                          **By:   /s/ JW Chambers**
                                          **Elizabeth Garcia**
                                          **Courtroom Deputy**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

Date: 8/7/08

NOTE FROM THE JURY

Time:

Note No. _7_

1. The Jury has reached a unanimous verdict.  [Please mark]    (_____)

or

2. The Jury has the following question:

*THE JURY RESPECTFULLY REQUESTS A POINT OF ORDER!
WHAT HAPPENS IF WE AGREE ON COUNTS 1 + 2 BUT CAN NOT
AGREE ON THE JUSTIFICATIONS?*

DATE: 8-7-2008

Signature of Jury Foreperson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

Date: 8/8/08          <u>NOTE FROM THE JURY</u>

Time:

Note No. ___8___

1. The Jury has reached a unanimous verdict.  [Please mark]    ( _____ )

or

2. The Jury has the following question:

The Jury respectfully requests a clarification/definition of the word "Conduct" as set forth in the definition of "Recklessly" (i) element no. 2 (ii) Justification (page 2 of Supplemental Instruction No. 2)

DATE: 8-8-2008 ___

Signature of Jury Foreperson

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America, | NO. CR-08-00156  JW |
| Plaintiff, | **SUPPLEMENTAL INSTRUCTION NO. 3** |
| v. | |
| Steven Rodriguez, | |
| Defendant. | |
| _____/ | |

Members of the jury, you have asked for further instructions with respect to the definition of the word "conduct" in my instruction with respect to the meaning of "recklessly." "Conduct" refers to the acts, if any, in which the person was engaged when the firearm was pointed at him or conduct which a reasonable person would understand that in the ordinary course of events posed a substantial risk that, if the conduct continued, a firearm would be pointed at him.

You are invited to make requests for further clarification from the Court if necessary.

Dated:  August 8, 2008

_____
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Cynthia Chin Young Lie, cynthia_lie@fd.org
Jeffrey Benjamin Schenk, jeffrey.b.schenk@usdoj.gov

**Dated:  August 8, 2008**                    **Richard W. Wieking, Clerk**

                                              **By:   /s/ JW Chambers**
                                                     **Elizabeth Garcia**
                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

NOTE FROM THE JURY

Date: 8/8/08

Time:

Note No. _9_

1. The Jury has reached a unanimous verdict.  [Please mark]   (_____)

or  THS JURY IS AGREEMENT ON COUNTS 1 +2 but AT AN IMPASS

2. The Jury has the following question:        ON REASONS 2 + 5 of the
                                               JUSTIFICATIONS

DATE: 8-8-2008          Signature of Jury Foreperson

1
2
3
4
5
6
7           IN THE UNITED STATES DISTRICT COURT
8         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                  SAN JOSE DIVISION
10
United States of America,                    NO. CR-08-00156  JW
11
              Plaintiff,          **SUPPLEMENTAL   INSTRUCTION**
12    v.                          **No. 4**
13
Steven Rodriguez,
14
              Defendant.
15    ─────────────────────────────────/
16

17        Members of the jury, you have sent a note that you are at an impass on elements

18   2 and 5 of the Justification Defense.  Yesterday you have asked what would happens

19   if you are able to reach a verdict of Guilty as to Counts 1 and 2, but that you are not

20   able to reach a verdict with respect to the Defense of Justification.  Your question

21   came shortly before you were scheduled to recess for the evening.  I verbally gave you

22   an instruction yesterday.  In view of you note I wish to give you further instructions

23   with respect to this matter.

24        As I have instructed you the government must prove each element of the two

25   charges beyond a reasonable doubt.  You have heard Mr. Rodriguez and other

26   witnesses testify that he had possession of a shotgun.  You have received a stipulation

27   that he was convicted of a felony.  On that basis, you have undisputed evidence

28

**United States District Court**
For the Northern District of California

which, if believed by you, would be a basis for finding beyond a reasonable doubt on each of the elements of Court One.

With respect to Count Two, you have heard undisputed evidence with respect to Mr. Rodriguez' use of Methamphetamine. If you believe that evidence, together with his admitted possession of the shotgun, this may be a basis for your finding that the government has proved each of the elements of Court Two.

However, before you may return a verdict, you must consider the evidence submitted by the Defendant and by the Government with respect to the defense of Justification. All of you must agree on one of the three alternatives submitted to you on the verdict form. If any one of you believes that the defense of Justification has been proved and maintains that view, you may not return a verdict.

With respect to the defense of Justification you are asked to decide only one question: was Mr. Rodriguez justified in taking possession of the shotgun. Although there might be different times and places where the shotgun was possessed, in this case the possession started the moment you find that Mr. Rodriguez physically took possession of the firearm until he placed it on the balcony outside of Mr. Houston's apartment.

You have heard testimony from Mr. Rodriguez that he took the shotgun from Ms. Watkins after she pointed it at him. It is for you to decide if you believe the testimony of any witness. If you believe the testimony of Mr. Rodriguez, he was the victim of a crime, namely assault with a deadly weapon. A person, even a convicted felon or controlled substance abuser is justified in disarming a person who is pointing a shotgun at him.

An ordinary citizen who is not a felon or an abuser of controlled substances and who has been assaulted with a deadly weapon and who in self-defense has come into possession of the shotgun would act reasonably in summoning the police or seeing

2

1    that the police have been summoned and in maintaining possession of the weapon

2    until the police arrive.  The weapon would be evidence of the crime.

3        If you believe that a felon or controlled substance abuser had been assaulted

4    with a deadly weapon,  had taken the weapon from the assailant to end the thread, and

5    believed that the police had been summoned and would be arriving in a matter of

6    minute, in other words, if you believe that the felon has acted similarly to that of an

7    ordinary citizen, this is a factor which you may consider in deciding if the felon or

8    controlled substance abuser has proved justification.

9        To avoid any confusion on this matter, I am striking Element No. 5 from my

10   instructions on Justification.  Under the circumstances of this case, your determination

11   should be based solely on whether Mr. Rodriguez was justified in possessing the

12   firearm, without regard to how long he possessed it.

13       I have instructed you that the Defendant must prove Justification by a

14   preponderance of the evidence. "Preponderance of the evidence" is defined as "more

15   likely than not."

16       That means that Mr. Rodriguez had to produce evidence which, considered in

17   the light of all the facts, leads you to believe that what he claims is more likely true

18   than not.  You must consider whether there is a conflict in the evidence between what

19   the witnesses to the event testified to.  Next, you must consider what testimony you

20   believe.  Then., with respect to the evidence you believe,  if you had an imaginary

21   scale, you would then put the evidence which you believe and which supports the

22   defense of Justification on one side of the scales and put the evidence which you

23   believe which does not support the defense of justification on the other side of the

24   scales. If the evidence supporting Justification make the imaginary scales tip on that

25   side, even slightly, you must return a verdict of not guilty by reason of justification.  If

26   you evaluate the evidence and you find that the evidence is evenly balanced between

27   the two sides, the defense of Justification has not been proved and you must base you

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  verdict on whether you find that the government has proved the elements of the

2  Counts beyond a reasonable doubt. The Defendant is not required to prove the defense

3  of Justification beyond a reasonable doubt.

4      As jurors, you have a duty to discuss the case with one another and to deliberate

5  in an effort to reach a unanimous verdict if each of you can do so without violating

6  your individual judgment and conscience. Each of you must decide the case for

7  yourself, but only after you consider the evidence impartially with your fellow jurors.

8  During your deliberations, you should not hesitate to reexamine your own views and

9  change your opinion if you become persuaded that it is wrong. However, you should

10  not change an honest belief as to the weight or effect of the evidence solely because of

11  the opinions of your fellow jurors or for the mere purpose of returning a verdict.

12      If you cannot reach a verdict you will be discharged and the government may

13  elect to seek a new trial by a different jury. At this point, I am not convinced that you

14  are incapable of reaching a verdict.  All of you are equally honest and conscientious

15  jurors who have heard the same evidence. All of you share an equal desire to arrive at

16  a verdict. Each of you should ask yourself whether you should question the

17  correctness of your present position.

18      I remind you that in your deliberations you are to consider the instructions I

19  have given you as a whole. You should not single out any part of any instruction,

20  including this one, and ignore others. They are all equally important.

21      I understand that Ms. Garcia has provided lunch for you.  You may now retire

22  and continue your deliberations.

23  Dated:  August 8, 2008            _____

24                                  JAMES WARE
                                    United States District Judge

25

26

27

28

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Cynthia Chin Young Lie, cynthia_lie@fd.org
Jeffrey Benjamin Schenk, jeffrey.b.schenk@usdoj.gov

**Dated:  August 6, 2008**                    **Richard W. Wieking, Clerk**

                                                   **By:    /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**

*United States District Court*
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

Date: 8/9/08          <u>NOTE FROM THE JURY</u>

Time:

Note No. ___16___

1.  The Jury has reached a unanimous verdict.  [Please mark]    (_____)

or

2.  The Jury has the following question:

Please provide a new instruction for element 2
of the Justification.

The Jury is confused as to whether we should
look to: ~~the risk~~ ① whether the defendant
was aware of a risk of a firearm being
pointed at him by anybody because of going
back to the lodge or ② whether the defendant
was aware of a risk of a firearm being
pointed at him by ~~Sophia~~ because of their Relationship.

DATE: 8-8-2008          _____
                        Signature of Jury Foreperson

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

United States of America,                    NO. CR-08-00156  JW

11              Plaintiff,
                                             **SUPPLEMENTAL  INSTRUCTION**
12      v.                                   **N0. 5**

13   Steven Rodriguez,

14              Defendant.

15   _____/

16          You have asked for further instructions regarding recklessness.  Remember, the

17   Defendant must prove by a preponderance of the evidence that he did not recklessly

18   place himself in a situation in which it was probable that a firearm would be pointed at

19   him.  It is for you the jury to decide from the evidence if the Defendant has met that

20   burden of proof.  From you question, I understand that you are seeking guidance on

21   the issues of whether based on the past events, it was reckless for Mr. Rodriguez to go

22   the Lodge, in the first place, such that simply the act of initially going to Mr. Huston's

23   apartment and later to Ms. Watson's apartment alone, deprived him of the defense of

24   justification or must the recklessness of  his conduct be judged from the events which

25   took place immediately before the firearm was pointed at him.

26          There are circumstances in which the mere act of going to a place can be found

27   to be reckless.  There are circumstances where recklessness must be judged from the

28   events which take place immediately before a firearm is drawn. I will, however,

United States District Court
For the Northern District of California

suggest some factors you may consider in deciding if a person is acting recklessly both in going to a location and in conduct while at the location.  You may use these factors to decide if you find Mr. Rodriguez has proved by a preponderance of the evidence that he was not reckless in placing himself in a situation in which it was substantially probable that a firearm would be pointed at him:

     1.  The frequency or infrequency that a firearm had been pointed at him when he went to the location;

     2.  Whether he was welcomed back to the location when he arrived or told to leave in a manner which suggests that deadly force would be used if he did not leave;

     3.  What took place between him and the person who pointed the firearm at him while he was at the location;

     4.  Was it a hostile or friendly environment when he arrived at the location;

     5.  Whether his relationship with other people at the location was hostile or friendly;

     6.  Was the firearm pointed at him under circumstances which would surprise an ordinarily prudent person that there was a threat of deadly force or whether the circumstances under which the firearm was pulled  would suggest to an ordinarily prudent person that deadly force would be used;

     7.  Was the person conscious of a threat that deadly force would be used against him and proceeded to  ignore that threat;

     8.  Was the person who pointed the firearm justified in threatening to use deadly force against him;

     9.  When he went to the location did he have reason to believe that deadly force would be used against simply by his presence;

United States District Court

For the Northern District of California

2

10.  Did he go to the location for a legitimate purpose;

11.  Was it unlawful for him to be in the location where a firearm was pointed at him.

Dated:  August 8, 2008

_____
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Cynthia Chin Young Lie, cynthia_lie@fd.org
Jeffrey Benjamin Schenk, jeffrey.b.schenk@usdoj.gov

**Dated:  August 8, 2008**                    **Richard W. Wieking, Clerk**

                                              **By:    /s/ JW Chambers**
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

Date: 8/8/08            NOTE FROM THE JURY

Time: 3:00 pm

Note No. 11

1. Th

or

2. Th

THE JURY RESPECTFULLY SUBITS THAT

WE ARE AT AN IMPASS ON ELEMENT #2

OF THE JUSTIFICATIONS

8-8-2008        [signature]

              Presiding Juror

DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRESIDING: JUDGE JAMES WARE          Case No. **C-08-0156 JW**

CASE TITLE: **United States v. Steven Rodriguez**

Date: 8/8/08                    <u>NOTE FROM THE JURY</u>

Time:

Note No. _12_

1. The Jury has reached a unanimous verdict.  [Please mark]     ( ✓ )

or

2. The Jury has the following question:

DATE: _8-8-218_          _____
                        Signature of Jury Foreperson